[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Robert R. Brasche, age 57, and the defendant, June A. Brasche, age 46, whose maiden name was June Mikis were married at Norfolk, Connecticut on September 18, 1976. There are no minor children issue of the marriage which has broken down irretrievably. The defendant has been under a conservatorship since April 25, 1991 due to severe emotional problems.
Both parties were previously married and the plaintiff has three children by his prior union. The defendant wanted a child by this marriage, but efforts proved unsuccessful. The defendant became attached to her animals treating them as children in many ways, which conduct annoyed the plaintiff. About four years ago, the relations between the plaintiff and the defendant began to deteriorate. Mr. Brasche complained that his wife was timid and unsocial. In the summer of 1989, the plaintiff became interested in another woman and left the marital home on July 8th of that year. The wife of a former family friend then left her husband and moved in with the plaintiff. CT Page 9471
The separation and abandonment of his wife has caused the defendant severe emotional, problems for which she has been hospitalized on three occasions. Presently she is under the care of a psychiatrist who is concerned or her safety and well being. Mrs. Brasche is emaciated, anorexic, depressed, suffers from brain damage with an abnormal EKG. Her treating physician believes that remaining in the marital home is detrimental to her health and should be sold. At the present time, the plaintiff considers the home a temple to her husband and according to her conservator resists leaving it.
Mr. Brasche is a high school graduate who owns and operates a service station. He claims to have a net weekly profit from his business of $472.97 less social security of $66.82. Presently, he is under a pendente lite order of $100.00 towards the mortgage and taxes on the marital homes, $54.51 for medical insurance, $17.56 for automobile insurance of $275.00 temporary alimony. Mrs. Brasche is a high school graduate with two years nursing school. She was a cardiogram-technician but because of her physical and mental condition is unable to work.
The jointly owned real estate, located at 867 Winchester Road in Norfolk, Connecticut has a value of $165,000.00 with a mortgage of $10,219.00. The plaintiff resides with Mrs. Adler in a home she bought subsequent to her divorce for $185,000.00. He employs her for $300.00 per week and contributes $150.00 towards the household expenses. In 1988 Mr. Brasche's total income was $57,365; and 1989, $26,842 and 1990, $22,930.
The difficulty in this, as in many cases, is the lack of sufficient monies to adequately take care of the financial needs of the parties. It is apparent that the primary cause of the breakdown rests with the plaintiff. Likewise, it is clear that the defendant has serious financial needs which strongly suggest that the marital home be sold as recommended by her physician.
Taking all factors into consideration the court finds that the marriage has broken down irretrievably and enters the following orders:
1. The plaintiff's undivided one-half interest in the jointly owned real estate located at 867 Winchester Road, Norfolk, Connecticut is transferred to the defendant subject to the mortgage which shall be the responsibility of the defendant. The defendant shall be entitled to the personal property in said home.
2. The plaintiff shall pay to the defendant weekly alimony in the amount of $250.00. In addition, for a period of two years or until the house is sold, if prior thereto, the defendant shall CT Page 9472 pay to the plaintiff the sum of $100.00 per week to help defray the mortgage obligation.
3. The plaintiff shall provide medical insurance for the defendant for a period of three years.
4. The court finds an arrearage of $1,650.00 as of the date of trial and orders the plaintiff to pay the defendant $75.00 per month until such debt is paid off.
5. The plaintiff is restrained from utilizing any funds available on an equity credit line in the amount of Twenty-Five Thousand ($25,000) Dollars in favor of Connecticut National Bank which credit line was entered into on March 19, 1987 by the parties and which credit line constitutes a lien against the marital residence.
6. The plaintiff shall retain sale ownership of his business and commercial property located at 179 Watertown Road in Thomaston, Connecticut.
PICKETT, J.